## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**SHANNON ROCHELLE HINTON**                          **PETITIONER**

**v.**                          **Case No. 2:24-cv-00102-TBM-BWR**

**STATE OF MISSISSIPPI**                          **RESPONDENT**

### REPORT AND RECOMMENDATION

Before the Court is Petitioner Shannon Rochelle Hinton's (Petitioner), proceeding *pro se*, Petition [1] under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. Respondent State of Mississippi (Respondent) filed a Motion [11] to Dismiss asserting that Petitioner's Petition [1] is time-barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Petitioner responded [15] and Respondent replied [16]. Having considered the parties' submissions, the record, and the relevant law, the undersigned recommends that Respondent's Motion [11] to dismiss should be granted, Petitioner's Petition [1] dismissed with prejudice, that Petitioner's requests be denied, and Petitioner denied a certificate of appealability.

### I. BACKGROUND

On March 28, 2019, a jury convicted Petitioner of accessory before the fact to sexual battery. Mot. Dismiss [11-1] at 1. On May 2, 2019, the Forrest County Circuit Court sentenced Petitioner to thirty years, with fifteen years to serve in the custody of the Mississippi Department of Corrections and fifteen years suspended. *Id.* at 2, 5.

Petitioner appealed the conviction and sentence and argued that her Sixth Amendment right to effective assistance of counsel was violated "when public

defenders from the same office represented both her and" another defendant who agreed to a plea in exchange for her testimony against Petitioner. Mot. Dismiss [11-2] at 2. The Mississippi Court of Appeals affirmed Petitioner's conviction and sentence, and dismissed her ineffective assistance of counsel claim without prejudice on September 15, 2020. *Id*. at 1, 3. And the Mississippi Court of Appeals denied rehearing on December 8, 2020. *Id*. at 1.

The Mississippi Supreme Court denied Petitioner's request for certiorari review on February 12, 2021. Mot. Dismiss [11-3] at 2. Petitioner did not petition the United States Supreme Court for a writ of certiorari. Mot. Dismiss [11] at 2-3.

On January 25, 2021, before the conclusion of her direct appeal, Petitioner signed a state post-conviction relief (PCR) application and re-urged her ineffectiveness claim. State Ct. R. [10-8] at 3-10. On April 6, 2021, the Mississippi Supreme Court denied Petitioner's application. Mot. Dismiss [11-4] at 1. The Mississippi Supreme Court determined that Petitioner failed to show prejudice and that her ineffectiveness claim was meritless because her remaining post-conviction claims could have been raised at trial and on direct appeal. *Id*. Thus finding Petitioner's claims were "barred at this stage." *Id*.

Petitioner signed her federal habeas petition on May 16, 2024, and the Clerk of Court received Petitioner's Petition [1] on May 20, 2024. Pet. [1] at 18, 1. She asserts grounds based on 1) ineffective assistance of counsel, 2) the right against self-incrimination, 3) excessive bail, 4) due process issues, and a number of other issues—some involving the State of Mississippi Constitution. Pet. [1] at 1-19. Petitioner

requests that the Court "reverse . . . or overturn [Petitioner's] sentence," permit Petitioner "to not register as a sex offender or to have the [P]etitioner pay unnecessary fines or costs of the trial court," appointment of counsel, and an evidentiary hearing. *Id.* at 14, 18.

Respondent argues that the Court should dismiss the Petition [1] with prejudice as untimely, given that Petitioner filed her Petition [1] "nearly two years" after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year federal statute of limitations ran. Mot. Dismiss [11] at 1. Respondent claims that Petitioner is not entitled to statutory tolling because Petitioner's PCR motion did not affect the start date of the AEDPA one-year period. *Id.* at 6-7. Respondent also argues that Petitioner is not entitled to equitable tolling. *Id.* at 8. In support, Respondent contends that Petitioner has failed to show extraordinary circumstances prevented her from petitioning or that she diligently pursued her rights. *Id.* at 8-11. Respondent asserts Petitioner is not entitled to federal habeas counsel or an evidentiary hearing. *Id.* at 12-13.

Petitioner responded after the Court twice ordered her to do so. Order [13]; Order [14]. In response, Petitioner argues "her health status and condition . . . has played a huge factor on the delay of" filing her habeas petition. Pet.'s Resp. [15] at 4. Petitioner alleges that she was diagnosed with "stage 3 Breast Cancer with Paget's Disease on or about November 15, 2022 and was . . . incapacitated" after undergoing treatment for her condition on September 6, 2023 and a subsequent hospital stay in November 2023. *Id.* at 2-3. Petitioner contends her treatment for breast cancer

3

remains ongoing. *Id.* at 5. In reply, Respondent reasserts that Petitioner cannot meet her burden to demonstrate that she is entitled to equitable tolling "based on her unsupported 'terminal illness' argument." Resp.'s Reply [16] at 2.

## II. DISCUSSION

A. <u>Standard of Review</u>

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine whether all procedural steps necessary to preserve each issue for federal review have been taken. "The first consideration is whether the petition was timely filed." *Wilson v. Cain*, No. 5:22-cv-00069-DCB-BWR, 2023 WL 6690947, at *2 (S.D. Miss. June 28, 2023), *R. & R.* adopted, No. 5:22-cv-00069-DCB-BWR, 2023 WL 5803702 (S.D. Miss. Sept. 7, 2023). Under the AEDPA, a state prisoner is subject to a one-year period of limitations for filing a § 2254 application:

> i.  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

4

> > made retroactively applicable to cases on collateral review; or
> >
> > D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> ii. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the date the judgment of conviction became final, subject to tolling for the period when a properly filed motion for postconviction relief is pending in state court. *See Jackson v. Davis,* 933 F.3d 408, 410 (5th Cir. 2019). "Additionally, a court may equitably toll limitations if the petitioner establishes '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (citing *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

Ordinarily, Petitioner would have ninety days to petition the United States Supreme Court for a writ of certiorari after the Mississippi Supreme Court denied certiorari review. *See* U.S. Sup. Ct. R. 13(1). Because of the Covid-19 pandemic, the Supreme Court temporarily extended the deadline to petition from ninety to one hundred and fifty days on March 19, 2020. *See* U.S. Supreme Court Order List 589, Mar. 19, 2020; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). The

Supreme Court rescinded the extended deadline on July 19, 2021. *See* U.S. Supreme Court Order List 594, July 19, 2021.

   B. <u>Analysis</u>

      i.   *Petitioner's federal habeas petition is untimely*

Petitioner was convicted by a Forrest County jury on March 28, 2019, and sentenced on May 2, 2019. Mot. Dismiss [11-1] at 1, 5. The Mississippi Court of Appeals affirmed Petitioner's conviction on September 15, 2020, and denied rehearing on December 8, 2020. Mot. Dismiss [11-2] at 1. The Mississippi Supreme Court denied certiorari on February 12, 2021. Mot. Dismiss [11-3] at 2. Petitioner's conviction and sentence became final one hundred and fifty days after the Mississippi Supreme Court denied certiorari (when the time for seeking a writ of certiorari in the United States Supreme Court expired). *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that when a petitioner fails to seek certiorari review in the Supreme Court, the judgment becomes final when the deadline expires); *see Bernard v. Huffman*, No. 3:23-cv-00344-CWR-FKB, 2024 WL 796499, at *2 (S.D. Miss. Jan. 17, 2024), *R. & R. adopted*, No. 3:23-cv-00344-CWR-FKB, 2024 WL 780436 (S.D. Miss. Feb. 26, 2024). Petitioner's conviction and sentence became final on July 12, 2021 (February 12, 2021, plus one hundred and fifty days). Without statutory or equitable tolling, Petitioner had one year from July 12, 2021, or until July 12, 2022, to file a § 2254 petition challenging her conviction and sentence.

### ii. *Petitioner is not entitled to statutory tolling*

28 U.S.C. § 2244(d) provides a tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending. 28 U.S.C. § 2244(d)(2). But the Mississippi Supreme Court denied Petitioner's post-conviction application on April 6, 2021, before her conviction on direct appeal became final. *See* Mot. Dismiss [11-4] at 1.

Petitioner's PCR motion did not impact the start date of the AEDPA limitations period because "one cannot toll a limitations period before it begins to run." *Walker v. Cain*, No. 3:21-cv-00273-CWR-FKB, 2023 WL 2448001, at *2 (S.D. Miss. Jan. 9, 2023), *R. & R. adopted*, No. 3:21-cv-00273-CWR-FKB, 2023 WL 1466935 (S.D. Miss. Feb. 2, 2023) (quoting *Hicks v. Epps*, No. 4:11-cv-00025-P-V, 2011 WL 3236035, at *2 (N.D. Miss. July 26, 2011)). The Court finds that statutory tolling does not apply. Thus, Petitioner's petition was due to be filed by July 12, 2022.

### iii. *Petitioner is not entitled to equitable tolling*.

Petitioner is not entitled to equitable tolling. The decision whether to grant or deny equitable tolling is left to the district court's discretion and requires the court to "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *see Jackson*, 933 F.3d at 410; *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Equitable tolling is appropriate in 'rare and exceptional circumstances.'").

7

A petitioner seeking equitable tolling has the burden to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotations and citations omitted); *see also Scott*, 227 F.3d at 263 (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Petitioner reasons that her delay is "due to a terminal illness that was discovered after the Mississippi Supreme Court and Court of Appeals made their decision final [o]n September 18, 2020 (sic). . . ." Pet. [1] at 17. "While a physical or mental [injury] *may* toll AEDPA's statute of limitations, it does not do so as a matter of right." *Laney v. King*, No. 3:14-cv-00825-HTW-LRA, 2017 WL 2267438, at *4 (S.D. Miss. Mar. 27, 2017), *R. & R. adopted*, No. 3:14-cv-00825-HTW-LRA, 2017 WL 2258531 (S.D. Miss. May 22, 2017) (quoting *Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) (emphasis in original)).

For Petitioner to demonstrate her illness warrants equitable tolling, she must show that "a physical or mental injury rendered her unable to pursue her legal rights during the relevant limitations period." *Id.* at *4. The relevant limitations period runs from the day Petitioner's judgment became final on July 12, 2021, to one year from that date — July 12, 2022. Petitioner states she "had a diagnosis of stage 3 Breast Cancer with Paget's disease on or about November 15, 2022," and that she was hospitalized in September 2023 and November 2023. Pet.'s Resp. [15] at 2-3. Because these events occurred after the statute of limitations had expired, the Court finds

8

Petitioner's illness did not prevent her from filing during the relevant period. Thus, Petitioner's explanation does not warrant equitable tolling.

Even if Petitioner could establish that extraordinary circumstances prevented her from timely filing, she fails to show that she diligently pursued her rights. The level of diligence required to warrant equitable tolling is reasonable diligence. *See Holland*, 560 U.S. at 653. While there is no temporal cut-off for diligence, "delays of the petitioner's own making do not qualify for equitable tolling." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)).

Petitioner fails to explain why she filed nothing between July 12, 2021, and November 2022, when she received her diagnosis. Petitioner also waited nearly two years to file her Petition [1] after the judgment of conviction became final. As a result, the Court finds that Petitioner fails to demonstrate that she exercised reasonable diligence in pursuing her claims. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (finding petitioner's lack of diligence does not warrant equitable tolling).

To receive the benefits of equitable tolling, AEDPA requires Petitioner to show both extraordinary circumstances prevented her timely filing, and that she exercised reasonable diligence in pursuing her rights. Because she has shown neither, she fails to establish that she should receive the equitable tolling benefit. Thus, Petitioner is not exempt from the tolling period and her federal habeas petition should be dismissed as time-barred.

### iv. *Petitioner's requests should not be granted*

While AEDPA's statute of limitations bars Petitioner's federal habeas petition, the Court will nonetheless address Petitioner's requests for counsel and for an evidentiary hearing. *See* Pet. [1] at 14.

"No constitutional right to counsel exists in habeas corpus actions." *Yannezz v. Dep't of Homeland Sec.*, No. 5:19-cv-00102-DCB-MTP, 2019 WL 13212701, at *1 (S.D. Miss. Oct. 31, 2019) (quoting *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008)). The Court has discretion to appoint counsel for a habeas petitioner "when the interests of justice so require." *Wardlaw*, 541 F.3d at 279 (quoting *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985)). Petitioner states in her petition only that she would like this "pertinent information to be presented in a hearing with appointed counsel . . . ." Pet. [1] at 14. She has not shown that the interests of justice require the appointment of counsel here. *See* 18 U.S.C. § 3006A(a)(2)(B); *see* Rules Governing Section 2254 Cases, Rules 6(a) & 8(c).

Petitioner also requests an evidentiary hearing to present the victim's psychiatric records that she claims "were erroneously omitted from [her] case." Pet. [1] at 14. The Court has discretion to hold a hearing "[i]f the petition is not dismissed." Rules Governing Section 2254 Cases, Rule 8(a). Further, § 2254(e)(2) lists scenarios that might warrant an evidentiary hearing. *See Sandoval Mendoza v. Lumpkin*, 81 F.4th 461, 471 (5th Cir. 2023) (explaining that the district court has discretion to order an evidentiary hearing in a § 2254 case and it abuses that discretion only if petitioner shows that "the allegations of his petition, if proven true, . . . would entitle

him to relief") (quoting *Blue v. Thaler*, 665 F.3d 647, 655 (5th Cir. 2011)). Petitioner fails to make an acceptable showing that she is entitled to an evidentiary hearing or that this evidence would entitle her to relief. Additionally, because the undersigned recommends Petitioner's petition be dismissed with prejudice as time-barred, an evidentiary hearing is unwarranted.

The Court will not address Petitioner's requests that it overturn her conviction, permit her to not register as a sexual offender, or pay any required costs and fees to the trial court, given that Petitioner's Petition [1] is barred by the AEDPA's statute of limitations. *See* Pet. [1] at 18.

## III. RECOMMENDATION

For the reasons stated, the undersigned recommends the Court grant Respondent's Motion [11] to dismiss, dismiss Petitioner's Petition [1] with prejudice, deny Petitioner's requests that the Court reverse or overturn Petitioner's sentence, permit Petitioner to not register as a sex offender or to have the Petitioner pay unnecessary fines or costs of the trial court, appoint of counsel, and an evidentiary hearing, and deny Petitioner a certificate of appealability.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the

11

> district judge that they do not intend to respond to the objection.

L.U. CIV. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 28th day of January 2025.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE